| iWARD, Judge,
concurring in part; dissenting in part.
I concur in part, but dissent in part.
The only verdict that has any credibility is that of “not guilty” as to count 1. Each of the remaining four should be disregarded. All agree that the trial court erroneously ordered the verdicts recorded; and the only question is if this gross mistake should be rectified to do justice. I believe it should be, and further I believe the law requires it.
First, when either the State or the Defense requests a polling of the jury, the trial court does not have the prerogative of proceeding without first polling of the jury. La. C.Cr.P. art, 812 requires .polling of the jury before the verdict is recorded in accord with La.C.Cr.P. art. 811.
La.C.Cr.P. art. 812
[[Image here]]
If, upon polling all of the jurors, the number of jurors required by law to find a verdict answer “Yes,” [to the question is the verdict submitted by the foreman your verdict?] the court shall order the clerk to record the verdict and the jury shall be discharged. If, upon polling all of the jurors, the number required to find a verdict do not answer “Yes,” the jury may be remanded for further deliberation, or the court may declare a mistrial in accordance with Article 775.
In this ease there was never a required number of jurors to reach a verdict except in Count 1. The trial court lacked authority to record invalid verdicts in all 4 of the remaining counts. If the trial court can do so, as in this case, the polling of the jury is a meaningless gesture. The conclusion can be more readily seen by examining Count 3 herein, where hthe trial court ordered a guilty verdict recorded when there were insufficient votes for a guilty verdict. The result should be the same as when the trial court ordered a not guilty verdict recorded when that verdict was also invalid because there were not sufficient votes for it. It should not be a one way street operating only in favor of the defendant. Those verdicts are completely void, whether they are guilty verdicts or not.
So, contrary to the opinion of my esteemed colleague Judge Waltzer, I do not agree that the jury has ever found Luckett “guilty of a lesser degree of the offense charged” under La.C.Cr.P. art. 598. He has not been found guilty by a jury of anything, notwithstanding that the trial judge erroneous ordered an invalid verdict recorded. The trial judge’s act was meaningless, void, and should be ignored, and Luckett has not been found guilty by a jury of any crime, in spite of the trial court’s order. Because there was no lawful verdict on the lesser included charge, the defendant may be retried as charged.
Nor do I agree with my colleague that La.C.Cr.P. 813 requires a finding that the jury must have found Luckett guilty of a lesser included offense, [and therefore not guilty of the more serious one]. La.C.Cr.P. 813 addresses itself to the form of the verdict or to an unresponsive verdict. In this case no one would question the responsiveness of the verdicts, no matter how inarticulate the jury, and in light of La.C.Cr.P. 810 the form of the verdicts seems sufficient, if only there were enough votes to support the verdicts— but there are not.
Again I disagree with my colleague as to the propriety of a mistrial, and I find one authorized in each count except count 1, under both La.C.Cr.P. art. 775(3), because a legal defect exists which would make any judgment entered upon such a verdict reversible as a matter of law, and (5) because it is physically impossible to proceed with the trial in conformity with the law. For these reasons I would sustain the granting of a mistrial as to counts 2, 3, 4, and 5, and order the defendant discharged only under count one.
There remains one more difficulty, and that is the ill advised order of the trial court granting a new trial on its own motion. Clearly, only the defendant can move for a new trial. La.C.Cr.P. art. 851. Neither form nor substance justified the trial court border. After the trial court granted a mistrial under La.C.Cr.P. 775, there was nothing before the trial court, and even if the trial court could grant a new trial on its own motion [it cannot], the court’s order of a new trial was as meaningless as his order to *1237 record invalid jury verdicts of guilty and not guilty. Therefore, the order of a new trial should be vacated and ignored, as well as the order to record the illegal verdicts.
However, despite the divergence of opinions, a majority of this panel agree that Luckett should be discharged as to count 1, 2, and 5, and the ease remanded for trial on the original charges of counts 3 and 4.